## Husk's Admr. v. Gunther Grocery Co., et al.

(Decided May 7, 1913.)

### Appeal from Daviess Circuit Court.

1. Evidence—Burden of Proof—Master and Servant—Action for Death of Servant.—The burden of proof is upon the plaintiff to make out his case and he fails to do this where on all the evidence for him it is a matter of speculation when or where the decedent was injured.

2. Evidence—When Error in Ruling Out Not Ground for Reversal.— An error of the court in ruling out evidence is not ground for reversal where the evidence if admitted could have had no effect on the result.

GEORGE W. JOLLY for appellant.

R. A. MILLER and FRANK C. NEALIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

William W. Husk was in the employment of the F. T. Gunther Grocery Company at Owensboro as the driver of a wagon. He stuck a nail in his foot, the injury resulting in lockjaw, from which he died. This suit was brought by his administrator against the grocery company to recover for his death. The allegations of the petition were traversed by an answer. The case coming on for trial before a jury, the court, at the conclusion of the evidence for the plaintiff, instructed the jury peremptorily to find for the defendant, and the plaintiff's petition being dismissed, he appeals.

The proof on the trial showed these facts: Husk had begun working for the defendant on the day he was injured. The defendant had rented from the Griffith Elevator Company the use of part of a stable situated back of the elevator, the elevator company using a part of the stable and the grocery company using a part, both using a water trough on the lot, and both using the vacant lot to stand their wagons on when not in use. There was a low place on the lot between the water trough and the stable door which got muddy in wet weather, and some one had thrown into this place some loose pieces of plank to walk on and keep out of the mud. There were some nails sticking in these planks, which had been there three or four days, but who put them there does not appear.

The grocery company had no control of the lot. It only had the use of it above stated. There was also a pile of like rubbish plank on the lot not very far from the point where Husk unhitched the horses. The only testimony as to how Husk was injured is from the witness, Bob Hicks, who testified as follows:

"I was working for them on June 24, 1911, the day he was hurt. I was in the stable; I did not see him, though. He came to the stable and told me he stuck a nail in his foot; I was in the stable feeding. He unhitched the horses and turned them loose, and they went to the trough to get water and the horses returned and come in the stable and he come to the door and said, 'Uncle, I stuck a nail in my foot.'"

This is all the testimony as to how he was hurt, where he was hurt, or where he was or what he was doing after he unhitched the horses. Passing by all other questions, we hold that this evidence was insufficient to show that he was hurt by reason of any negligence of the master. The burden of proof is upon the plaintiff to make out his case, and on the proof we have here, it is entirely a matter of speculation when or where the deceased was hurt.

Counsel complain that the court did not allow Hicks to state what Husk said to him at the time, but as shown by the bill of exceptions, the defendant objected to the evidence we have given above, and the court overruled the objection, to which the defendant excepted. The plaintiff then went on to inquire of the witness again about the conversation and the court sustained the defendant's objection. But we do not understand that he wished to prove any other statement than that which the witness had made; for there is no avowal that anything else was said. The plaintiff asked the witness what he then said to Husk, and he answered, "I asked him if he was badly hurt, and he said, yes, sir." The court sustained the defendant's objection to this evidence, but if it had been admitted, it could have had no effect on the trial, and it does not appear from the bill of exceptions that the plaintiff offered to prove by the witness anything that would have strengthened the case. We therefore conclude that the court properly instructed the jury to find for the defendant, and that there was no error to the prejudice of the plaintiff's substantial rights on the trial.

Judgment affirmed.